NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

18-614

STATE OF LOUISIANA

VERSUS

PRINCE RECORD

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTY-THIRD JUDICIAL DISTRICT COURT
PARISH OF ALLEN, NO. CR-2015-3272
HONORABLE JOEL G. DAVIS, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

VAN H. KYZAR
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Billy Howard Ezell, Van H. Kyzar, and Jonathan W. Perry, Judges.

DENIAL OF MOTION TO RECONSIDER
SENTENCE AS UNTIMELY REVERSED
AND REMANDED FOR RECONSIDERATION.

Paula C. Marx
Louisiana Appellate Project
P.O. Box 82389
Lafayette, LA 70598-2389
(337) 991-9757
COUNSEL FOR DEFENDANT/APPELLANT:
    Prince Record

Herbert Todd Nesom
District Attorney
Joe Green
Assistant District Attorney
Thirty-Third Judicial District
P.O. Box 839
Oberlin, LA 70655
(337) 639-2641
COUNSEL FOR APPELLEE:
    State of Louisiana

**KYZAR, Judge.**

This matter is before us on remand from the supreme court following its per curiam opinion in *State v. Prince Record*, 19-521 (La. 1/28/20), __ So.3d __, reinstating the habitual offender sentences imposed on the defendant, Prince Record, by the trial court in accordance with *State v. Lyles*, 19-203 (La. 10/22/19), 286 So.3d 407. On remand, we are instructed to consider Defendant's assignment of error related to sentencing, which was pretermitted by the finding in our original opinion. *State v. Record*, 18-614 (La.App. 3 Cir. 2/27/19), 266 So.3d 592.

## FACTS AND PROCEDURAL HISTORY

Defendant was convicted by a unanimous jury verdict on May 11, 2017, of simple escape, a violation of La.R.S. 14:110, and transactions involving proceeds of drug offenses, a violation of La.R.S. 40:1041. The pertinent facts of the case are fully set forth in our original opinion, and we adopt those facts as though fully incorporated herein. *Record*, 266 So.3d 592. Therein, we affirmed Defendant's convictions but vacated his sentences.

On September 13, 2017, after finding Defendant a third felony offender, the trial court sentenced Defendant to two and a half years for simple escape and to ten years for transactions involving proceeds from drug offenses, with the sentences to run consecutively to each other and consecutively to any other sentences Defendant was serving at the time. Thereafter, Defendant filed a pro se notice of appeal which also moved for a reconsideration of the sentence imposed by the trial court. The trial court granted the appeal but denied the motion to reconsider the sentence as being filed untimely. Having originally vacated Defendant's sentences, we pretermitted consideration of the trial court's denial of Defendant's motion for reconsideration of sentence. In light of the supreme court's reinstatement of the sentences imposed by

the trial court and the remand by the supreme court, we fully consider Defendant's allegation of error here.

**OPINION**

Defendant contends the trial court erred when it denied his request for reconsideration of his sentence as untimely because it was filed thirty days after sentencing.

The trial court sentenced Defendant on September 13, 2017, and Defendant filed a pro se notice of appeal on October 13, 2017. The notice states, "Prince Record asserts as a sovereign that the sentence(s) should be reconsider[ed], set aside the judgment, and/or [a]lter or [m]odify [j]udgement, and/or [v]acate the judgement in line with the common law; per 1787 Constitution." The trial court issued an order on October 24, 2017, granting the appeal and setting a return date of January 2, 2018.

This court determined that Defendant's notice of appeal also requested reconsideration of his sentences in the trial court. Thus, we remanded the matter to the trial court because the record did not reflect the trial court's ruling on Defendant's request for reconsideration. On July 27, 2018, the trial court issued an order citing La.Code Crim.P. art. 881.1 which requires a request for reconsideration of a sentence to be filed within thirty days of the imposition of the sentence. The trial court denied the request for reconsideration of Defendant's sentences as untimely, with the order stating the reasoning as follows:

> After review, the Court notes Defendant was found guilty on September 13, 2017; thus, Defendant had thirty days from this date to file a motion to reconsider. Clearly, Defendant's request was filed well past this thirty day period.

We find that while the trial court correctly noted Defendant's deadline for seeking reconsideration of his sentences, it erred in finding Defendant's October 13, 2017 notice/request was filed more than thirty days from his sentencing on

2

September 13, 2017. The period of time from September 13 to October 13, 2017, is exactly thirty days.

The State argues Defendant's request for reconsideration of his sentence fails to comply with La.Code Crim.P. art. 881.1(B) because it does not set out the specific grounds on which it is based. We note, however, that Defendant is not asking this court to review the merits or content of his request for reconsideration, nor did the trial court rule on the merits thereof. Rather, Defendant is solely asking this court to review the trial court's ruling that the request was untimely. The State does not address that issue. Further, this court has discretion to review an excessive sentence claim on constitutional grounds even in absence of a contemporaneous oral motion at sentencing and the filing of a motion to reconsider sentence. *State v. Breaux*, 17-406 (La.App. 3 Cir. 11/2/17), 232 So.3d 675, *writ denied*, 17-1967 (La. 10/15/18), 253 So.3d 1309.

Based on our previous finding that Defendant's notice of appeal contained a request for reconsideration, and on our finding herein that Defendant's notice of appeal was filed thirty days from the date the trial court imposed sentence, we find that the trial court erred in finding the motion to reconsider sentence untimely. Accordingly, we remand this matter to the trial court for consideration of the merits of Defendant's request for reconsideration of his sentences.

**DECREE**

This matter is remanded to the trial court solely for reconsideration of Defendant's timely filed motion for reconsideration of sentence.

**DENIAL OF MOTION TO RECONSIDER SENTENCE AS UNTIMELY REVERSED AND REMANDED FOR RECONSIDERATION.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.

3